IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KATHY FRAKER,

           Petitioner,

v.                                        CIVIL ACTION NO. 2:09-cv-01220
                                          (Criminal No. 2:08-cr-00064)

UNITED STATES OF AMERICA,

           Respondent.

**ORDER**

Before the Court is Petitioner Kathy Fraker's Motion to Vacate, Set Aside, or Correct Sentence [Docket 40]. By Standing Order entered August 1, 2006, and filed in this case on November 5, 2009, this action was referred to United States Magistrate Mary E. Stanley for submission of proposed findings and a recommendation (PF&R). Magistrate Judge Stanley filed a PF&R [Docket 53] on September 16, 2010, recommending that this Court dismiss Petitioner's motion.

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct

a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections to the PF&R in this case were due on October 4, 2010. To date, no objections have been filed.

Although the Court is not required to conduct a *de novo* review of those portions of the PF&R to which no objection is addressed, Petitioner's argument that her counsel was ineffective for coercing her into her guilty plea merits more discussion. In Ground Two of her petition, Petitioner argues that her attorney arrived at the August 4, 2008, pretrial motions hearing unprepared to argue her suppression motion. (Docket 40 at 6-7); (*see also* Docket 22 (scheduling pretrial motions hearing for August 4, 2008 at 11:00 a.m.)). Petitioner argues that, as her attorney was unprepared to address the suppression issue, he "forced [her to plead] by making it appear as if I had no other choice." (Docket 40 at 7.) At 11:30 a.m. that same day, Petitioner pled guilty. (Docket 26.)

"Counsel can be found ineffective for advice that leads to an involuntary guilty plea." *United States v. Roberts*, No. 10-4616, 2011 WL 1636927, at *1 (4th Cir. May 2, 2011) (per curiam). A party claiming ineffective assistance of counsel must show (1) that her counsel's performance was deficient, and (2) that the deficiency resulted in prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Gray v. Branker*, 529 F.3d 220, 229 (4th Cir. 2008). In the context of a conviction following a guilty plea, the defendant must satisfy the prejudice prong by showing that "but for counsel's errors, [s]he would not have plead guilty and would have insisted on going to trial." *Fields v. Attorney General*, 956 F.2d 1290 (4th Cir. 1992) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Importantly, "[a] defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity.'"

-2-

*United States v. Lemaster*, 403 F.3d 216, 220, 221 (4th Cir. 2005) (quoting *United States v. White*, 366 F.3d 291, 295 (4th Cir. 2004)). "[I]n the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *Lemaster*, 403 F.3d at 221 (internal quotations omitted).

The PF&R correctly notes that Petitioner, in her Rule 11 colloquy, had assured the Court that her attorney had answered all of her questions and that she was "fully satisfied with the legal advice he's given." (Docket 53 at 10.)* However, in the context of Petitioner's argument, it is also significant that she repeatedly assured Judge Goodwin that her plea was *voluntary*:

| | |
|---|---|
| THE COURT: | Has any person forced you, threatened you, coerced you, intimidated you, or even talked you into entering this guilty plea against your will? |
| DEFENDANT: | No, sir. |
| THE COURT: | Are you acting freely and voluntarily here today? |
| DEFENDANT: | Yes, sir. |
| THE COURT: | Is pleading guilty your own idea? |
| DEFENDANT: | Yes, sir. |
| THE COURT: | Has anyone promised you anything or told you something different from what I've told you in order to get you to plead guilty? |
| DEFENDANT: | No, sir. |
| THE COURT: | I find your guilty plea is voluntary. Any questions? |
| DEFENDANT: | No, sir. |
| THE COURT: | Any second thoughts? |
| DEFENDANT: | No, sir. |

(Docket 49 at 22-23.) Petitioner's bare allegation that her guilty plea was coerced by her counsel, "when viewed against the record of the [Rule 11] hearing," is "so palpably incredible, so patently

---

* The Court also notes that Petitioner agreed in her plea hearing that she had "adequate time to discuss this case" with her lawyer, (Docket 49 at 3), and that she understood the agreement and had gone over it with her attorney "word for word, sentence for sentence." (*Id.* at 7.)

frivolous or false as to warrant summary dismissal." *United States v. White*, 366 F.3d 291, 296 (4th Cir. 2004). As such, the Court **ADOPTS** the recommendation of the Magistrate Judge as to Ground Two and **FINDS** that Petitioner has failed to show that her counsel's ineffective assistance rendered her plea involuntary.

For the reasons noted above, the Court **ADOPTS** the PF&R [Docket 53], **DISMISSES** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Docket 40], and **STRIKES** this case from the docket of this Court. A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 5, 2011

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE